IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAWNDELL LEE HARRISON, ) | |
|     Petitioner, ) | Civil Action No. 7:21-cv-00267 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| J. C. STREEVAL, ) |     United States District Judge |
|     Respondent. ) | |

**MEMORANDUM OPINION**

Shawndell Lee Harrison, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. Harrison asserts that under *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), his 2011 conviction under 18 U.S.C. § 922(g) is invalid. *See In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (hereinafter "*Jones*") (allowing § 2241 challenge to federal conviction). Respondent has filed a response in opposition, arguing that the petition should be dismissed because the court lacks jurisdiction over it, Harrison has procedurally defaulted his claims, and his claims fail on the merits.

For the reasons set forth herein, the court concludes that it lacks jurisdiction over Harrison's § 2241 petition. Thus, the court will grant respondent's motion and dismiss the petition without prejudice for lack of jurisdiction.

I.  BACKGROUND

**A.  Harrison's Criminal Case & Prior Felonies**

On November 2, 2011, Harrison pled guilty, in the Western District of Oklahoma, to one count of a two-count superseding indictment against him, which charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). *United States v.*

*Harrison*, Case No. 5:10-cr-00243-F-1, ECF Nos. 18–20.[1] In his plea agreement, Harrison acknowledged that if he had three previous felony convictions for a violent felony or serious drug offense, or both, that he could be sentenced to a mandatory minimum sentence of 15 years, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Harrison was sentenced on August 15, 2011, to a total of 188 months, to be followed by a five-year supervised release term. At sentencing, the court determined that he was subject to the enhanced penalties under the ACCA. The Presentence Investigation Report (PSR) listed three prior felonies that resulted in that enhancement. (PSR ¶ 25, Dkt. No. 7-5.) First, in July 2001, in Oklahoma County District Court, Harrison had pled guilty to six different charges. These included a possession of a firearm while committing a felony, domestic abuse assault and battery, and two separate offenses of possession with intent to distribute controlled substances (cocaine and marijuana). For five of those offenses, he was sentenced to ten years' imprisonment with all but the first five years suspended, to run concurrently. For the sixth (the domestic abuse assault and battery), he received a one-year term of imprisonment. (PSR ¶ 36.) After his release, the suspended portion of his sentence was revoked in full in August 2006, after he committed a new offense. (*Id.*)

Second, in August 2006, on the same date that his suspended sentence was revoked, Harrison pled guilty to four other offenses that he had committed in June 2005. (*Id.* ¶ 39.) The court sentenced him to seven years' imprisonment as to two of those convictions (two counts of possession with intent to distribute controlled substances (meth and marijuana), two years as to the third conviction (domestic assault and battery), and one year as to the fourth, all to be served concurrently. (*Id.*) Third, Harrison later pled guilty to another felony—domestic assault and

---

[1] The court will cite to docket entries in the underlying criminal case as "*Harrison*, ECF No. __." Citations to docket entries in the case at bar will appear in parentheses as "Dkt. No. __."

2

battery—arising from events in September 2005, and he also was sentenced to two years' imprisonment on that offense. (*Id.* ¶ 40.)

In sum, Harrison received a ten-year sentence on multiple felony offenses, and he initially served close to five years on those charges. The second set of charges resulted in a seven-year sentence, concurrent with the reimposition of the suspended part of the ten-year sentence. He served roughly eight years total in Oklahoma custody. Harrison began the commission of the offense he challenges in this petition only six months after his release from custody in January 2012. (*Id.* ¶¶ 36, 39–40 (setting forth release date from state custody); *id.* ¶ 1, 6 (setting forth offense date for Count 1 of June 12, 2010).)

Harrison appealed his conviction and sentence, which appeal the Tenth Circuit dismissed because of Harrison's appeal waiver. *Id.*, ECF No. 51.

**B.  Harrison's Collateral Attacks On His Conviction and/or Sentence**

Harrison filed an initial motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255, which was denied in November 2013. *Harrison*, ECF Nos. 54, 82–83. He later was granted permission to file a second or successive habeas petition based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the district court denied his motion. *Harrison*, ECF Nos. 85, 87, 104–05. The Tenth Circuit granted a certificate of appealability, but concluded that his prior convictions for domestic abuse assault and battery qualify as violent felonies, even after *Johnson*. *Harrison*, ECF No. 114. It thus vacated the district court's order and remanded with instructions to dismiss the motion for lack of jurisdiction. *Id.*, ECF No. 112.[2]

The Clerk received Harrison's § 2241 petition in the case at bar on May 3, 2021.

---

[2] Harrison filed other post-conviction motions for relief, but they are not relevant to the issues raised in his § 2241 petition.

3

Respondent has filed an opposition and a request for dismissal (Dkt. No. 7), and Harrison has filed a response (Dkt. No. 11), which the court also has considered.[3]

### C. Harrison's *Rehaif* Claim in His § 2241 Petition

In his petition, Harrison challenges his felon-in-possession conviction pursuant to 18 U.S.C. § 922(g). Section 922(g) makes it unlawful for certain individuals to possess firearms. "The provision lists nine categories of individuals subject to the prohibition, including felons. . . . A separate provision, § 924(a)(2), adds that anyone who '*knowingly*' violates the first provision shall be fined or imprisoned for up to 10 years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194.

Harrison asserts that he is entitled to relief because, after *Rehaif*, his indictment did not state an offense and his plea was invalid. (Pet. 7, Dkt. No. 1.) Specifically he points out that he was never informed, as required by *Rehaif*, that an additional element of his offense was that he knew his prohibited status at the time he possessed the firearm. (*Id.* at 16.) He argues that this omission resulted in a guilty plea that was not knowing or intelligent and must be vacated. (*Id.*)

## II. DISCUSSION

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or

---

[3] Among other arguments included in his response, Harrison argues that the sentencing court did not have jurisdiction over his criminal case. Harrison did not raise this argument as a ground for relief in his petition, but even if he had, it is without merit. The court does not address it further.

4

ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

In *Jones*, the Fourth Circuit explained that § 2255 is "inadequate or ineffective" to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

328 F.3d at 333–34.

The requirements of the savings clause are jurisdictional. *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). Thus, a § 2241 petitioner relying on the savings clause to challenge his conviction must satisfy each prong of the *Jones* test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. *Id.* at 426–29. Although the court must apply the procedural standard in *Jones*, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must 'look to the substantive law of the circuit where a defendant was convicted.'" *Hahn v. Moseley*, 931 F.3d 295, 300–01 (4th Cir. 2019). In this case, Harrison was convicted in the Western District of Oklahoma, which is within the Tenth Circuit. Thus, Tenth Circuit substantive law governs Harrison's petition, but the court looks to Fourth Circuit law concerning the availability of § 2241. *See id.*

Respondent's motion to dismiss first notes that respondent disagrees with the Fourth Circuit's "substantive framework" as to what claims can be brought in a § 2241 petition and

---

[4] This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." *Lester v. Flournoy*, 909 F.3d 708, 711 (4th Cir. 2018).

believes that "*Jones* and its progeny are wrongly decided," preserving that issue for appeal. (Opp'n 9–10, Dkt. No. 7.) Respondent next moves to dismiss the petition based on the court's lack of jurisdiction. In particular, although respondent acknowledges that Harrison's claim satisfies the first and third *Jones* requirements, (*id.* at 10 n.6), he argues that Harrison's § 2241 petition fails to meet the second. (*Id.* at 15–17.) Respondent also contends that, even if the court had jurisdiction, Harrison has procedurally defaulted his claims and failed to show cause and prejudice or "actual innocence" so as to overcome that default. (*Id.* at 18–24.) Lastly, respondent maintains that Harrison's *Rehaif* claim fails on its merits. (*Id.* at 24–26.)

As part of his jurisdictional arguments, respondent dedicates a large portion of his brief to discussing the Fourth Circuit's decision in *Hahn v. Moseley*, 931 F.3d 295 (4th Cir. 2019), and its potential impact on the second requirement of *Jones*.[5] Respondent argues that *Hahn* improperly—and in contrast to a number of prior Fourth Circuit decisions analyzing § 2241 claims under *Jones*—appears to treat the *Jones* requirements not as jurisdictional, but as if satisfying them entitled a petitioner to relief. He points out that *Hahn* "is ambiguous whether a showing that a change in substantive law rendered *this* defendant's conviction non-criminal is a component of *Jones*'s jurisdictional analysis or whether it is a separate merits question." (Opp'n 9.) As another court explained, in addressing apparently similar briefing from respondent before it,

> Respondent submits [that] *Hahn* can be read in two ways: (1) as requiring a district court to assess a petitioner's specific conduct to determine whether it remains criminal under a newly pronounced interpretation of law; or (2) as stating that any change to the substantive boundaries of a criminal offense satisfies the second element of *Jones*, clearing the path for . . . a court to conduct a

---

[5] For his part, Harrison appears to rely on *Hahn*, at least in part, for the proposition that the court may not "interrogate[e] the factual issues of the underlying activity," and may not look at "factual underpinnings or evidence in the case." (Pet. at 15; *see also id.* at 13 (arguing that the court should not consider "the factual real world conduct to evaluate Mr. Harrison's claim").) But the Supreme Court explained in *Greer* that a court could consider other documents in the record in addressing *Rehaif* claims and was not limited to the record from the particular proceeding where the error occurred. *Greer*, 141 S. Ct. at 2098.

6

> merits analysis of whether the petitioner's conduct truly was
> criminal or vacatur of his conviction is appropriate.

*Albritton v. Warden, FCI Petersburg*, No. 1:20CV302, 2021 WL 3432845, at *2 (E.D. Va. Aug. 4, 2021).

*Hahn* involved a change in the law quite different from *Rehaif*. *Rehaif* clarified the mens rea element of a § 922(g) offense (or, as some courts see it, added an element, *see Pleasant v. Streeval*, No. 7:20-CV-00233, 2022 WL 212704, at *2 (W.D. Va. Jan. 24, 2022)). By contrast, *Hahn* dealt with a change in Tenth Circuit law that disallowed a charge altogether unless that charge was based on different conduct than the defendant's other charges of conviction. *See generally Hahn* (discussing *United States v. Rentz*, 777 F.3d 1105 (10th Cir. 2015)). The way in which *Hahn* conducted its *Jones* analysis may have flowed in part from that distinction.

In any event, to the extent that some of the language in *Hahn* is inconsistent with prior published panel decisions, the court must follow the earlier precedent. *McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2003) (en banc) ("When published panel decisions are in direct conflict on a given issue, the earliest opinion controls, unless the prior opinion has been overruled by an intervening opinion from [the Fourth Circuit] sitting *en banc* or the Supreme Court."). And the court's reading of those prior cases, which has been followed by many district courts in addressing *Rehaif* claims in the context of § 2241, is that *Jones*'s second prong requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law. *See Albritton*, 2021 WL 3432845, at *3 (noting the lack of clarity in *Hahn*, but following cases that have held that a change in the substantive law is itself insufficient to satisfy the second element of *Jones*). *Cf. Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (describing *Jones* as "delineating the circumstances in which § 2241 may be used to pursue" a claim that a defendant is "actually innocent of [an] offense yet procedurally barred

7

from filing a § 2255 motion").[6]

In particular, many district courts within the Fourth Circuit, including several judges of this court, have held that *Rehaif* did not change substantive law "such that the conduct of which the prisoner was convicted is deemed not to be criminal[,]" *Jones*, 226 F.3d at 334, because that conduct, being a felon in possession of a firearm, is still illegal. *See, e.g.*, *Asar v. Travis*, Civil Action No. 6:20-294-BHH, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020) (concluding that the second *Jones* element was not satisfied because "being a felon in possession of a firearm remains a valid criminal offense" and petitioner admitted the facts essential to a conviction under § 922(g) by pleading guilty), *affirmed as modified*, 858 F. App'x 676 (4th Cir. Sept. 20, 2021) (affirming on the reasoning of the district court and citing to the district court's opinion); *see also Pleasant*, 2022 WL 212704, at *2 (noting that defendant had been convicted of multiple felony offenses in concluding that the second *Jones* prong was not satisfied); *Albritton*, 2021 WL 3432845, at *3 (concluding petitioner's conduct remained criminal); *Carrucini v. Warden of U.S.P. Lee*, No. 7:19CV00861, 2021 WL 431739, at *4 (W.D. Va. Feb. 8, 2021) (ruling that petitioner's *Rehaif* claim could not proceed under § 2241 because he could not establish the

---

[6] If the court were to follow the alternative reading of *Hahn*, then Harrison's petition would still be denied, albeit on its merits and with prejudice. "For reasons of finality, comity, and federalism, habeas petitioners 'are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.''" *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). The Fourth and Tenth Circuits both have held that a petitioner bears the burden of showing he is entitled to habeas relief and to be entitled to relief, he must show that any error was not "harmless," but had a "substantial and injurious effect" on his conviction. *United States v. Dago*, 441 F.3d 1238, 1245–46 (10th Cir. 2006); *United States v. Smith*, 723 F.3d 510, 517 (4th Cir. 2013). Harrison cannot meet this burden.

As the court's analysis in this opinion makes plain, *see generally infra*, Harrison does not even allege that he did not know he was a felon at the time of the offense, and he points to no evidence to support any such allegation. Moreover, the record contains evidence from which a jury easily could have found that he knew he was a felon. Thus, he cannot show that he would have gone to trial had he been advised of *Rehaif*'s requirement that he must have known he was a felon. As respondent notes, if he had gone to trial under the *Rehaif*-required elements, he "would have had no viable defense to the government's proof of knowledge of status." (Opp'n 26, Dkt. No. 7.) Thus, Harrison has not shown a "substantial and injurious" effect on his conviction. So even if the court had jurisdiction, Harrison would not be entitled to relief. *Cf. Greer*, 141 S. Ct. at 2100 (explaining that the plain error test applies to "discrete defects" in a criminal proceeding, such as "the omission of a single element from jury instructions or a required warning from a Rule 11 plea colloquy"; such defects are not "structural errors" subject to automatic reversal).

second *Jones* prong); *Erby v. Breckon*, No. 7:18-cv-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (collecting cases holding same), *aff'd*, No. 20-6814, 2021 WL 6101845 (4th Cir. Dec. 22, 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").[7] *But see Moore v. Warden of FCI Edgefield*, __ F. Supp. 3d __, No. 9:20-cv-02089-TLW, 2021 WL 3828828, at *5–8 (D.S.C. Aug. 27, 2021) (disagreeing with the reasoning of decisions cited in the preceding paragraph and concluding that the second *Jones* requirement was satisfied by a similar *Rehaif* challenge, but nonetheless rejecting the claim both (1) because it was procedurally defaulted and the petitioner could not show "cause and prejudice" or that he was "actually innocent," and (2) because his claim would fail on the merits regardless).

Harrison does not allege that he did not know he fell into a prohibited category, nor does he identify or point to any evidence to show that he did not know he was a felon at the time he possessed the firearm. In addition, there is ample proof in the record to support the knowledge-of-status element. On this issue, and although it involved direct appeals rather than collateral attacks, the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), is instructive.

*Greer* was a consolidated appeal from a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and an Eleventh Circuit case, *United States v. Greer*, 798 F. App'x 483 (11th Cir. 2020). In the Eleventh Circuit case, the defendant had gone to trial. Gary, like Harrison here, had pled guilty to the offense, and the district court had failed to advise him

---

[7] As is evident from the foregoing citations, two of the cases (*Asar* and *Erby*) have been affirmed by the Fourth Circuit, albeit in unpublished, per curiam decisions. *See also Rhodes v. Dobbs*, 858 F. App'x 658 (4th Cir. Sept. 17, 2021) (affirming district court's denial of § 2241 petition raising a *Rehaif* claim for lack of jurisdiction based on a failure to satisfy the second *Jones* prong and finding no reversible error); *Allen v. Dobbs*, 855 F. App'x 162 (4th Cir. Aug. 10, 2021) (same). The Fourth Circuit has not spoken in a published decision on the issue.

during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon. *Greer*, 141 S. Ct. at 2096. Reviewing for plain error, the Court explained that to succeed on direct appeal, Gary had to show that, "but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty." *Id.* at 2097.

The Court noted that defendants like Gary and Greer face "an uphill climb," reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*; *see also id.* ("Felony status is simply not the kind of thing that one forgets.") (citing *Gary*, 963 F.3d at 423 (Wilkinson, J., concurring in denial of reh'g en banc)). The defendants in *Greer* could not meet their burden, and the court's explanation as to why is apt here:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms. Therefore, Greer cannot show that, but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

*Id.* at 2097–98.

The *Greer* court's reasoning applies with equal force to Harrison's *Rehaif* claim. First, like Gary, Harrison admitted that he was a felon when he pled guilty. Second, like Gary, Harrison previously had been convicted of *multiple* felonies. Indeed, he was sentenced as an armed career criminal. Third—and importantly—Harrison had been sentenced on several occasions to more than one year, and he actually served approximately eight years in prison total prior to his conduct underlying his federal offense, a fact he acknowledged at his sentencing in

10

the underlying criminal case. (*See* Sentencing Tr. 27, Dkt. No. 7-3.) In light of his extensive criminal history, there is no basis for him to claim that he did not know he was a felon.

Moreover, unlike some defendants who are convicted of a felony, but are not sentenced to more than a year, Harrison had received sentences longer than a year and had served sentences longer than a year. These facts, taken together, make it "virtually impossible to believe he did not know he had been convicted" of a felony. *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding same in reviewing a *Rehaif* error for plain error on direct appeal, where the defendant had been convicted of multiple felonies, had not disputed them, and served sentences longer than a year); *cf. id.* (noting that there could be a case where a felon did not know he was a felon where, for example, he was previously convicted of a crime punishable by imprisonment for a term exceeding one year, but was sentenced to a term less than a year or to probation). Also, like Gary, Harrison has not "argued or made a representation that [he] would have presented evidence at trial that" he did not know he was a felon when he possessed the firearm. *See Greer*, 141 S. Ct. at 2098.

Based on the foregoing, the court concludes that Harrison cannot demonstrate that the conduct for which he was convicted is no longer a crime. *See Jones*, 328 F.3d at 334. Because jurisdiction over his § 2241 petition is lacking, *see Wheeler,* 886 F.3d at 423, the petition must be dismissed without prejudice.

### III. CONCLUSION

For the reasons stated, the court concludes that it lacks jurisdiction over Harrison's petition. Accordingly, the court will dismiss the case without prejudice.

Entered: March 24, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

11